**STATE of Missouri, Respondent,**

v.

**Michael QUINN, Appellant.**

**No. WD 33968.**

Missouri Court of Appeals,
Western District.

Jan. 18, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 1, 1983.

Application to Transfer Denied March 29, 1983.

Thomas J. Marshall, Public Defender, Moberly, for appellant.

John Ashcroft, Atty. Gen., George Cox III, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, C.J., and TURNAGE, and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment entered in accordance with a jury conviction for carrying a concealed weapon, in violation of § 571.115, RSMo 1978. The judgment is affirmed.

The trial was presided over by the Honorable Lawrence McClure, Associate Circuit Judge, upon the grant of appellant's motion for change of judge. (Judge assigned by Missouri Supreme Court).

Two points are presented, which in summary charge that the trial court erred because (1) of the court's refusal to set aside the verdict because of insufficient evidence to support it, and (2) of the court's failure to submit to the jury appellant's tendered instruction regarding his belief in the legality of his conduct.

Appellant challenges the sufficiency of the evidence, necessitating a detailed recital of same.

The record shows that at the time of the offense, appellant was an inmate at the Missouri Training Center for Men at Moberly, Missouri. On February 3, 1981, three correctional employees were called from the facility control center to the second floor of the administrative section, on the basis that there was some difficulty with an inmate. The call had been made by the assistant superintendent. The three responded and when they arrived in the hallway of the administrative section, they observed appellant, his caseworker, and the assistant superintendent. The assistant superintendent ordered appellant placed in administrative segregation. As part of the normal or routine procedure for such segregation, a search of the inmate is conducted. A search of appellant resulted in a pair of scissors, which was discovered in a glove that appellant had on his left hand. The three employees all testified that the scissors were concealed inside the glove on appellant's left hand. One witness was asked and testified that the scissors (introduced as an exhibit at trial) were not the type of scissors used by barbers for cutting hair.

Appellant testified, and did not deny possession of the scissors. It was his testimony that in an unauthorized manner, he had gone from Building 3 to Building 4 to secure a haircut. He testified that he moved through the population in Building 4 and located an inmate to cut his hair. He further testified that the inmate barber commenced to cut his hair, was called away because he had a visitor, had appellant hold the scissors, and left appellant's presence. Appellant then stated that he started to return to the building in which he was a resident, he had the scissors, was confronted by a guard in the hallway who told him to put the scissors up, and he started to return with the scissors when he was told he had a call from the "control center." Appellant testified that he proceeded to the administration section, still in possession of the scissors. Appellant stated that the scissors were "in front of my glove. They were sticking out where they could be seen though." The evidence closed. The jury returned its verdict. Judgment and sentencing were entered in accordance with the jury verdict. This appeal followed the overruling of timely filed after-trial motions.

■ Under his point (1), appellant challenges the sufficiency of the evidence to sustain his conviction. Three witnesses testified that appellant was in possession of the scissors, (this was not denied by appellant), the scissors were concealed in the glove on appellant's left hand (this was denied by appellant), and that the scissors were not the type of scissors used by barbers for cutting hair (appellant testified that the particular scissors were used on his hair by the inmate barber). It can be said that the issue, as joined, turned upon the dispute as to whether the scissors were con-

cealed by appellant. It cannot be said that the evidence was insufficient on the issue as to support appellant's motion to set aside the verdict. In fact, the evidence, as introduced, produces squarely a fact issue for determination by the jury. In addition, "On review, evidence is viewed in the light most favorable to the verdict ignoring defendant's evidence except where favorable to the State. (citation omitted) The court is to determine only whether the evidence is sufficient to make a submissible case, from which reasonable jurors could have found the defendant guilty as charged." *State v. Wood,* 596 S.W.2d 394, 400 (Mo.banc 1980). That is precisely what occurred in the instant case.

Point (1) is meritless and is ruled against appellant.

Under his point (2), appellant charges that the trial court erred in its refusal to submit his offered instruction on the belief in legality of his conduct. Appellant offered such instruction patterned after MAI–CR2d 2.38.

Appellant's argument is premised upon his conclusion that he injected this element into the case by his own testimony that he did not intend to carry concealed scissors, that an inmate barber told him it was alright to have scissors, and that a guard seeing the scissors fall out of his clothing, simply told him to pick up the scissors and did not inform him it was improper to carry scissors. From this, appellant concludes that he therefore was acting under the reasonable belief that his conduct did not constitute an offense. Thus, he concludes, he was entitled to the instruction.

The determination of this question can be found within the wording of Note 3 on the Notes on Use to MAI–CR2d 2.38:

"3. This instruction covers the very limited situations when belief that conduct is not criminal can excuse. Note it is not related to negativing any mental state, but relates to the exceptional situations where the definition of the offense has not been made public, or where the defendant reasonably relied upon a decla-

ration made by an official agency of the state, such agency being authorized to interpret or declare the law, such as the appellate courts, the legislature and, in some circumstances, the agency charged with the administration of the law."

The instant record does not disclose evidence to support the giving of MAI–CR2d 2.38. The trial court did not err by its refusal to submit the offered instruction.

Point (2) is found to be without merit and is ruled against appellant.

Judgment affirmed.

All concur.