**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Joe FOSTER, Defendant–Appellant.**

**No. 53003.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1988.

Rehearing Denied Aug. 9, 1988.

Case Transferred to Suprme Court
Sept. 13, 1988.

Case Retransferred to Court of
Appeals Jan. 17, 1989.

Original Opinion Reinstated
Jan. 23, 1989.

Ilene A. Goodman, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Deborah L. Ground, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant was charged with stealing property having a value of $150 or more, a Class "C" felony. Section 570.030.1 and .3 RSMo 1986. Defendant was indicted by the Grand Jury on the charge that on July 22, 1986, he appropriated tires, wheels, wheelcovers, a car stereo, a car battery and other items having an aggregate value of at least $150. He was sentenced as a prior offender after a guilty verdict to serve four years. He appeals on four claims of error.

We summarily deny three claims of error and find that no purpose would be served by an exposition of the facts and law. These claims involve: (1) failure to strike a veniremember for cause because of a possible preference for testimony of police officers; (2) permitting cross-examination of defendant about conditions of an existing parole; and, (3) a claim that the prosecutor was vindictive in withdrawing a plea negotiation offer.

The remaining claim of error contests the sufficiency of evidence of the value of the items taken. Defendant contends that the court erred in permitting the owner of an automobile to testify as to the value of items stolen from his automobile only on the basis of a carbon copy of an estimate prepared by someone else. The owner had no personal opinion of value. The estimate was not admitted as an exhibit. Specifically, defendant claims that the court erred in allowing hearsay on replacement cost, the testimony violated the best evidence rule, and the testimony was evidence of replacement cost, not the proper value as required by the charge. The facts necessary to decide this claim of error are as follows.

James Speirs purchased a used 1981 Buick automobile in 1984. In the morning hours of July 22, 1986, he parked the car in front of his house. Between 6:30 and 7:00 a.m. that morning, the police notified him that they had found his automobile two to three miles away, and that it had apparently been stripped. The items taken included: tires, wheels, wheelcovers, a car stereo, a car battery and other items.

Police officers observed three men running from the scene where the automobile

had been stripped. An officer saw defendant carrying the battery. Defendant dropped the battery while running away. The police followed the individuals to a home and arrested them there. All items stolen were recovered.

Defendant testified and denied that he participated in the activities involving the automobile. In view of the evidence, and the verdict of the jury, there is no doubt that the defendant is guilty of stealing. However, defendant was charged under the Class "C" felony which also requires proof that the stolen property had a value of $150 or more.

Value is the disputed issue which constitutes a problem that need not have been involved in the trial, or in this appeal. The police had possession of all the items that were stolen. Any number of persons in the St. Louis area could have appraised the value of the stolen automobile parts, when taken, and offered such evidence at trial.

For purposes of Chapter 570, value "means the market value of the property at the time and place of the crime, or *if* such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." Section 570.020(1) RSMo 1986. The state offered no evidence of the value of the items taken at the time and place of the crime. There is no basis for finding that the items could not have been appraised, or that evidence of their value at the time of the crime could not be satisfactorily ascertained. There is a ready market for automobile parts. They are bought and sold as used parts. Many people in the business are available to appraise auto parts. Accordingly, cost of replacement was not an authorized manner of proof.

Mr. Speirs, the owner of the automobile, testified. He was never asked the value on the date of taking of any of the items removed from his automobile. All of the items, except the battery, were on the vehicle in 1984, when it was purchased as a used automobile. The replacement battery was acquired for $45 and installed a year later. The wheelcovers that were taken were in bad shape when the car was purchased. Some unspecified time after purchasing the automobile, Mr. Speirs priced new wheelcovers at $95 (each). After his car was stripped, Mr. Speirs secured new tires, new wheels, a new stereo and new speakers. These two references to values (battery and wheelcovers), were the only mention of that subject in Speirs' original testimony. Thereafter, the other elements of the charge were proved by the testimony of police officers.

The state proposed to recall Speirs and offer exhibit No. 35 [later referred to as No. 36], "an invoice from State Auto Body Company." It was produced by Mr. Speirs when he returned to court on the request of the prosecutor. The prosecutor stated that the exhibit specified prices for a jack, four wire wheelcovers, a radio, wheels and tires. He intended to ask Mr. Speirs, "[w]hat amount of *money he received* or what the value of these things were *per the list,* and have him testify to that in court." [Our emphasis]. Defendant objected on the grounds that cost of repair damages were irrelevant; the witness had no personal knowledge of value, and was incompetent to testify as to what somebody at State Auto Body thought was the value of these parts; and, it would be hearsay testimony. The court overruled these objections. Defense added an objection that it would be improper to allow Mr. Speirs to resume testifying. That too was overruled. However, the court ruled, for the record, that all these objections would "run" with all subsequent testimony.

Mr. Speirs was then permitted to testify. He identified the exhibit as "an *estimate* after the car—for the car *when it was repaired.*" Speirs, based only on the exhibit, testified that *he was paid* $46.25 for the jack, $200 for wire wheelcovers ($50 a piece), $575 for a dash and radio, $141.12 for five wheels and $353.39 for five tires. The paucity of evidence does not explain how Mr. Speirs was "paid" for items which were all recovered. This was evidence of replacement costs for the items taken. It does not constitute evidence of the value of the items taken. Nor is such substitute proof authorized by Section 570.020(1)

RSMo 1986 for ordinary and available automobile parts.

The defendant filed a motion for directed verdict at the close of the state's case and at the close of all the evidence. The issue of sufficiency of proof of value was preserved in defendant's motion for new trial. In addition, before closing argument defendant requested a motion in limine to prevent the state from arguing value of items taken from the automobile. The response of the prosecutor is enlightening. He said,

> "I would like to be able to argue what Mr. Speirs testified to as the value of the jack, the four wire wheelcovers, the wheels and the tires, *and I tell Ms. Goodman (defense counsel) now that I won't include the radio and dash which is $575 because I don't think I need that.* I'm well over $150 with everything else. The tires are over $150. In and of itself. The wheels are $141. The wheelcovers are $200, so I'll make an oral, I guess, stipulation with Ms. Goodman right now, I won't argue anything about the dash or any other damage that was done to the car, which was repaired per this invoice."

The relevant closing argument is also significant:

> "I think it's pretty clear that his car was stolen. It's also very clear that his car was stripped and items were taken off of it. It may not be so clear that the value of the items was over $150, but you heard him testify to what the value was, and the wheelcovers alone were $200 per his testimony. The tires themselves were $350 and the wheels were $141. *That doesn't count the jack, the speakers and the stereo.* So I submit to you, the value in this case is clear as well."

■ The defendant alerted the court and the prosecutor, by timely objections, that valuation was the disputed issue. No testimony was offered as the owner's opinion of value of "the items taken." The nature of the evidence required is described in Section 570.020(1) RSMo 1986. The availability of the evidence on the proper proof is not in dispute. Evidence of replacement cost was not admissible pursuant to Section 570.020(1) RSMo 1986. *State v. Reilly,* 674 S.W.2d 530, 533 (Mo. banc 1984).

We find that the evidence was not only improperly admitted but, in the form offered, was not probative on the issue of value of the items taken. *See, State v. Carter,* 544 S.W.2d 334, 338 N.1, 339 (Mo. App.1976). There is no evidence to support a finding that the fair market value of the items at the time of taking was not ascertainable. None of the items were unique, restricted in their use or sold in an extremely limited market. Accordingly, evidence of replacement value to assist the jury in determining true value was improper. *See, State v. Matzker,* 500 S.W.2d 54, 57 (Mo.App.1973). Nor is the rule that an owner can testify to his opinion of reasonable value helpful to the state. The evidence was not offered in the form of an opinion by the owner concerning the value of the items taken. Mr. Speirs had no such opinion of values. The only valuation evidence offered was nothing more than the cost of replacement of items which may or may not have been comparable to those taken.

The state also contends that there was evidence without objection that the cost of new wheel covers was $95 each. Mr. Speirs did obtain that estimate of cost of new wheelcovers sometime after he bought the automobile in 1984, and before the theft in 1986. However, this evidence was not probative of the value of the damaged wheel covers that were on the car when purchased, and subsequently taken by defendant.

We are now confronted with the question of remedy. We hold that the state presented no evidence from which the jury could find the value of the items taken. Therefore, an element of the charge was left unproven. Defendant requested and was entitled to a directed verdict of acquittal at the close of all the evidence on the charged crime. However, the claim of error on appeal relates only to a claim of error in the admission of the evidence of valuation. There is no separate claim of error in defendant's briefs on appeal contesting sub-

missibility of the charge. Defendant does, however, claim that the improper admission of the sole evidence of valuation was prejudicial to the defendant. The prejudice includes a finding that except for the improper evidence, a ruling to sustain defendant's motion for directed verdict of acquittal was required. The motion was overruled solely because the inadmissible and non-probative evidence of value of replacement parts was before the court and the jury. Defendant concludes by requesting that the judgment of the trial court be reversed. We hold that he is entitled to that relief.

There is a temptation to conclude that defendant will go unpunished because of this decision. Defendant has been in prison on the sentence since March 26, 1987. It should be noted the result is required by the failure to prove what easily may have been proven, namely, the value of the items taken. However, in the absence of the available evidence it is not possible to determine the market value of the property at the time and place of the crime. It may have been more or less than $150. It was probably more. But that fact was not proven, either as an opinion of the owner, or by some other means. Apparently, the trial prosecutor realized his predicament. He assured the trial court that he would not argue part of the valuation evidence. He so stipulated. He then proceeded to argue what he agreed would not be argued, the value of the radio and dash.

We reverse.

SMITH and KELLY, JJ., concur.

### ON MOTION FOR REHEARING

Respondent–State suggests the opinion in this case conflicts with *State v. Wood*, 596 S.W.2d 394 (Mo. banc 1980). We disagree.

 *Wood* holds that if challenged evidence of an element of the charge is erroneously admitted the proper remedy is a new trial on the felony charge. *Id.* at 398. That is the law, "[i]f the [erroneously received] evidence offered by the State is received after challenge *and is legally sufficient to establish guilt of the ac-*

*cused....*" (Our emphasis.) *Id.* at 398. Here the only evidence of value was simply not probative of the element of value of what was stolen when taken. Hence, the requirement of legally sufficient proof of guilt was not met. The opinion follows and is not in conflict with *Wood*.

 In the alternative, the state notes an observation on the opinion that the evidence proved a misdemeanor stealing and that a remand for trial of the misdemeanor is proper. If the state had requested submission of the lesser offense and the court had refused the request then a retrial would be proper. That did not occur. Defendant was entitled to a directed verdict of acquittal on the greater offense. The state elected to submit only the greater offense. On these facts a retrial is not an available result. The motion for rehearing is denied.

SMITH and KELLY, JJ., concur.