STATE of Missouri, Respondent,

v.

Roy JONES, Defendant/Appellant.

Roy JONES, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 60196, 61278.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 29, 1992.

Jeannie Arterburn, St. Louis, for appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

AHRENS, Judge.

In this jury-tried case, defendant Roy Jones appeals his conviction for receiving stolen property having a value of at least $150.00, a class C felony under § 570.080 RSMo 1986. Defendant was sentenced as a prior and persistent offender to seven years' imprisonment.

We have consolidated defendant's direct appeal with his appeal from the denial, following an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. We reverse defendant's conviction; his appeal from the motion court's denial of the Rule 29.15 motion is dismissed as moot.

In the early morning of June 18, 1990, an unidentified man approached St. Louis City Police Officer John Schwerb, who was patrolling an area of the city. The unidentified man informed the officer that forty-five minutes earlier he had observed a black male removing air conditioners from the Holy Name School; the informant subsequently saw the same black male pushing a shopping cart containing an air conditioner at the intersection of Grove and Bailey. Officer Schwerb drove approximately one-half block to Holy Name School where he confirmed that air conditioners were missing from the first and second floors of the building. The officer drove to Grove and Bailey where he observed defendant pushing a shopping cart containing an air conditioner. Officer Schwerb confirmed that the air conditioner in defendant's possession was similar to those remaining at Holy Name School. After Officer Schwerb arrested defendant for theft of the air conditioner and advised him of his Constitutional rights, defendant stated he purchased the air conditioner from someone for thirty dollars.

Defendant raises two points in his direct appeal. We find the first point dispositive. In that point, defendant contends the trial court erred in denying his motions for judgment of acquittal at the close of the state's case and at the close of the entire case, and in submitting the case to the jury, because "the evidence was insufficient to establish that the stolen air conditioner, which [defendant] had allegedly retained, had a value of at least one hundred fifty dollars, and therefore was insufficient to sustain a conviction for the class C felony of receiving stolen property." We agree.

To convict defendant of the class C felony of receiving stolen property, the state was required to prove, *inter alia*, that the stolen property had a value of $150.00 or more. § 570.080.3. For purposes of Chapter 570, value is defined as "the market value of the property at the time and place of the crime, *or if such cannot be satisfactorily ascertained*, the cost of replacement of the property within a reasonable time after the crime." § 570.020(1) RSMo 1986. (Emphasis added).

To prove the value of the air conditioner, the state relied on the testimony of the former director of Vocational Training Centers, the entity leasing Holy Name School when the air conditioner was stolen. That witness stated he did not know where the air conditioner was purchased, but he was familiar with the price paid for the unit. Defendant raised an objection, asserting a lack of foundation for the witness' testimony regarding his familiarity with the price of the air conditioner in light of the witness' earlier testimony that the unit was purchased prior to his employment as director. The trial court overruled the objection, stating: "I have to overrule your objection as to the time of the purchase. It's the time of the taking of the air conditioner or the removal of the air conditioner." The trial court further stated: "I think it has to be fair market value." The prosecutor responded: "Yes, sir, I think that's correct."

The witness then described the air conditioner and stated it was in operable condition at the time it was stolen. When the prosecutor inquired about the value of the air conditioner, however, the prosecutor and the witness spoke in terms of replacement value. The witness stated he discovered the value of the air conditioner by sending "out to our vendors bids for the price on an individual basis or on a group basis if I had to replace a quantity of them."

The air conditioner was recovered and available for appraisal. There was no evidence the air conditioner could not have been appraised; nevertheless, the state offered no evidence of the two-year old air conditioner's value at the time of the crime. Although the state argues "evidence of purchase price was not ascertainable[,] because the school director assumed his duties shortly after the air conditioners were purchased," this does not support a finding that the *fair market value* of the air conditioner on June 18, 1990, was unascertainable. Moreover, no evidence in the record would support such a finding. The state's evidence related only to the replacement cost of the air conditioner and did not constitute evidence of the air conditioner's value at the time of the crime. Accordingly, we hold the state failed to present any evidence from which the jury could find the value of the air conditioner at the time of the crime. Thus, an element of the charge of receiving stolen property having a value of at least $150.00 was not proven. This holding is supported by our analysis and holding in *State v. Foster*, 762 S.W.2d 51 (Mo.App.1988).

The state argues *Foster* is factually distinguishable, because here the air conditioner in defendant's possession "had the same characteristics as those of the other units," and the air conditioner's "replacement value was determined by the market, not by a single seller...." The state's argument merely focuses on differences in the evidence used to establish replacement cost, rather than the competency of the replacement cost method of valuation itself.

The state also argues defendant failed to object to the method of valuation at trial. Defendant alleged insufficiency of the evidence in timely motions for judgment of

acquittal and in his motion for new trial. Thus, the issue was properly preserved and the trial court's judgment must be reversed.

As we noted in *Foster*, "[t]here is a temptation to conclude that defendant will go unpunished because of this decision"; however "the result is required by the failure to prove what easily may have been proven, namely, the value of the property at the time and place of the crime." *Id.* at 55.

The trial court's judgment is reversed. The state did not request submission of the lesser misdemeanor offense. Accordingly, there is no basis for ordering a retrial of that misdemeanor offense. *Id.* at 55[3]; *State v. Watkins*, 804 S.W.2d 859, 861 (Mo. App.1991). Defendant is ordered discharged. Defendant's appeal from the denial of his Rule 29.15 motion is dismissed as moot.

REINHARD and CRIST, JJ., concur.