STATE of Missouri, Respondent,

v.

Larry WILKES, Appellant.

No. 65440.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 31, 1995.

Craig A. Johnston, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David G. Brown, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

In this jury-tried case, defendant appeals his conviction of attempt to steal property valued at $150.00 or more, a class D felony under § 564.011 RSMo 1986 [1] and § 570.030. Defendant was sentenced as a persistent offender to five years imprisonment. We reverse.

Viewed in the light most favorable to the verdict, the following evidence was adduced at trial. On August 7, 1993, St. Louis County Police Officer Edward Roediger was informed of an attempted larceny of an air-conditioning unit from a residence on Halls Ferry Road in St. Louis County. The witness who had reported the crime gave the dispatcher a description of the suspects and stated that the suspects had driven away from the scene in a blue Cutlass. She also reported the license plate number on the car. Officer Roediger was within a quarter mile of the residence when he stopped a vehicle that matched the description. The defendant was a passenger in the vehicle. The defendant was questioned by Officer Roediger regarding the crime and denied any involvement. The witness was then brought to the location of the stop and identified the defendant as the person who attempted to remove the air-conditioner from the residence. Officer Roediger then arrested the defendant and advised him of his constitutional rights.

Defendant raises three points on appeal. As we find the first point dispositive, we need not address the remaining two. Defendant contends the trial court erred in overruling defendant's motions for judgment of acquittal because the evidence was insufficient to support his conviction for attempt to steal $150.00 or more. Defendant suggests that the state's evidence was insufficient to

1. All statutory references are to RSMo 1986 unless otherwise indicated.

establish that the air-conditioner had a value of at least $150.00 at the time of the alleged crime. We agree.

A necessary element to convict defendant of this crime is that the property had a value of $150.00 or more. § 570.030.3(1). For purposes of Chapter 570, value is defined as "the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." § 570.020(1).

The state presented the following evidence at trial to prove the value of the air-conditioner: (1) pictures of the air conditioner; (2) testimony that the air conditioner was in proper working order before the crime; (3) the air-conditioner was five years old; (4) the cost of labor and materials to replace the air-conditioner was between $700.00 and $1,000.00; and (5) the owner spent $140.00 for labor and materials to repair wires and tubing on the air-conditioner as a result of damages allegedly sustained by defendant.

We addressed the sufficiency of evidence required to value an item of property in *State v. Jones*, 843 S.W.2d 407 (Mo.App.1992). In *Jones*, the defendant was convicted of stealing an air-conditioner which the state suggested was valued at $150.00 or more. The owner of the air-conditioner never testified, as here, to what the market value of the property was at the time of the crime. *Jones*, 843 S.W.2d at 408. We also noted that the property was available for appraisal and the state failed to present evidence that the property could not have been appraised. *Id.* We held that where the state failed to present evidence of the market value of the property and failed to present evidence that such market price was unascertainable, the state had failed to prove the element of value. *Id.*

In the instant case, no direct evidence of market value at the time of the crime was presented to the jury. Further, no evidence was presented that the market value was not ascertainable. This point is conceded by the state in their brief. The state asks us to overrule our holding in *Jones* as it is contrary to *State v. Eiland*, 633 S.W.2d 302 (Mo.App.1982). The state suggests that re-placement cost with the other available evidence was sufficient such that a rational juror could have found the value of the air-conditioner to be $150.00 or more. We decline to reverse *Jones*. *Eiland* is distinguishable from *Jones*. In *Eiland*, the owner of the property in question testified: "Q. Do you know how much the hubcaps were worth—what it would cost to replace them on that particular day? A. $107.70." *Id.* at 303. In that case we held that "[a]n owner's opinion of stolen goods' value suffices to support felonious stealing." *Id.* That holding is consistent with our holding in *Jones* and our holding today. It was a reasonable inference in *Eiland* that the owner was testifying as to market value, not replacement value.

The state contends that if we decline to overrule *Jones*, we must still find the evidence sufficient for the jury to infer that the value of the air-conditioner was $150.00 or more. In support of this argument, the state suggests that a rational juror could infer that if an owner spends $140.00 to repair the unit that its market value must be $150.00 or more. While the cost to repair an item may be probative of its market value, we cannot say that $140.00 spent by owner's choice on labor and materials to repair the unit is sufficient to make an inference that its market value is $150.00 or more.

The state suggests that we follow a line of cases holding that evidence of purchase price and age of the property is sufficient to sustain a conviction for felonious stealing. *See, e.g., State v. Napper*, 381 S.W.2d 789, 791–92 (Mo.1964); *State v. Holmes*, 830 S.W.2d 460, 462 (Mo.App.1992). These cases are distinguishable because, unlike the present case, purchase price was available. We decline to extend the holding in those cases to sustain a conviction for felonious stealing where evidence of repair costs or replacement costs and age of the property is available.

Accordingly, we hold that where the state fails to offer any evidence of the market value of property stolen and where no evidence is offered that market value is unascertainable, an element of the charge, i.e. the property was valued at or more than $150.00, is missing.

The judgment of the trial court is reversed. The state did not request submission of the lesser misdemeanor offense. Hence, there is no basis for a retrial of the lesser included offense. *See Jones*, 843 S.W.2d at 409. Defendant is ordered discharged.