

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED99712 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable David C. Mason |
| LEONARD M. SLOCUM, | ) | |
| | ) | |
| Appellant. | ) | Filed: February 18, 2014 |

### *Introduction*

Leonard Slocum (Defendant) appeals the judgment of conviction the trial court entered after finding Defendant guilty of felony receiving stolen property in excess of $500. Defendant claims the trial court erred in overruling his motion for judgment of acquittal and convicting him of felony receiving stolen property because the State presented insufficient evidence to establish beyond a reasonable doubt the value of the stolen item. We affirm.

### *Factual and Procedural Background*

On November 26, 2011, Defendant sold a mandolin, which he knew to be stolen, to a pawn store. The State charged Defendant with felony receiving stolen property.[1]

---

[1] The State charged Defendant with an additional charge of felony receiving stolen property, alleging that, on October 7, 2011, Defendant sold to a pawn shop four electric guitars, which he knew to be stolen. Prior to the bench trial, Defendant stipulated to the fact that he sold the guitars to the pawn shop, but argued at trial that the value of the guitars was less than $500. The trial court found Defendant guilty of one count of

Prior to the bench trial, Defendant stipulated to the fact that he sold the mandolin to the pawn store. The only issue at trial was the value of the instrument.

The trial court found Defendant guilty of felony receiving stolen property and sentenced him, as a prior and persistent offender, to five years' imprisonment. Defendant appeals. As Defendant disputes the sufficiency of the evidence, we discuss the facts in greater detail below.

### *Standard of Review*

"The standard of review in a court-tried case is the same as in a jury-tried case." State v. Craig, 287 S.W.3d 676, 681 (Mo. banc 2009). Our review of a challenge to the sufficiency of the evidence supporting a criminal conviction is limited to a determination of whether the trier of fact reasonably could have found the defendant guilty. State v. Blankenship, 415 S.W.3d 116, 121 (Mo. banc 2013). "Appellate courts do not weigh the evidence but accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict and ignore all contrary evidence and inferences." Id. (quotation omitted).

### *Discussion*

In his sole point on appeal, Defendant claims the trial court erred in overruling his motion for judgment of acquittal and convicting him of felony receiving stolen property because the evidence was insufficient to support the conviction. More specifically, Defendant contends "the State failed to establish beyond a reasonable doubt that the mandolin had a fair market value, at the time of the incident, of at least $500.00." The

misdemeanor receiving stolen property of less than $500 and sentenced him to one-year confinement, to run concurrently with his sentence for felony receiving property. Defendant does not appeal this sentence or conviction.

State counters that the evidence at trial was sufficient for a reasonable finder of fact to determine that the mandolin had a value greater than $500.

"To convict a defendant of a criminal offense, the State is required, as a matter of due process, to prove beyond a reasonable doubt each and every element of the offense charged." State v. Hall, 56 S.W.3d 475, 478 (Mo.App.W.D. 2001). The State charged Defendant with receiving stolen property under Section 570.080, which reads, in relevant part: "A person commits the crime of receiving stolen property if for the purpose of depriving the owner of a lawful interest therein, he or she receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen." Mo. Rev. Stat. § 570.080.1.[2] Receiving stolen property is a class C felony if: "The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars." Mo. Rev. Stat. § 570.080.4(1). "Absent substantial evidence as to the value, an essential element of the felony stealing charge is not proved." State v. Calicotte, 78 S.W.3d 790, 794 (Mo.App.S.D. 2002) (internal quotation omitted).

Section 570.020 defines "value" as "the market value of the property at the time and place of the crime. . . ." Mo. Rev. Stat. 570.020(1); see also Hall, 56 S.W.3d at 479. Evidence of the purchase price and age of a stolen item are sufficient to establish value under Section 570.020. Hall, S.W.3d at 479; State v. Williams, 643 S.W.2d 3, 5 (Mo.App.E.D. 1982). Additionally, "an owner's opinion can be substantial evidence of an item's worth." State v. Reilly, 674 S.W.2d 530, 533 (Mo. banc 1984).

After reviewing the record on appeal, we find that the State presented sufficient evidence from which a reasonable trier of fact could have found beyond a reasonable

---

[2] All statutory references are to RSMo 2000, as supplemented.

doubt that the mandolin was worth more than $500. At trial, the State presented the testimony of Knez Jakovac, the mandolin's owner. Mr. Jakovac stated that he had been a musician for thirty-five years, and his father and uncle were also musicians. Mr. Jakovac played a particular type of Eastern European mandolin and "toured all over the world playing it." On October 29, 2011, Mr. Jakovac returned to his apartment and discovered that his custom-made mandolin was missing.[3]

In regard to the mandolin's value, Mr. Jakovac testified, "It's the one I had made for myself, it's handmade, it's the one worth about four or five-thousand [dollars]." Mr. Jakovac explained that the mandolin was built in 1998 by Milan Opacich, "one of the best makers in the country, perhaps the world." Mr. Jakovac stated that the value of this type of mandolin "absolutely appreciate[s]" over time. The trial court asked Mr. Jakovac, "Do you have any conclusions that you can base as the owner of it and [as a] person[] who deal[s] with other people who use and play and sell mandolins as to what the value might have been at the time that it was stolen from your home?" Mr. Jakovac answered, "[I]t would be an educated guess, but – I would say that it might have gone up to around 6,000 or so." An owner's opinion may constitute sufficient evidence of an item's worth, and we defer to the trial court's superior position to assess the probative value and competence of such evidence. See Reilly, 674 S.W.2d 530, 533 (Mo. banc 1984); State v. King, 988 S.W.2d 663, 666 (Mo.App.E.D. 1999).

Defendant argues that Mr. Jakovac's "emotional attachment to the mandolin…affected his opinion of its value" and that Mr. Jakovac's valuation of the instrument was undermined by testimony of the pawnbroker, who paid only thirty dollars

---

[3] Mr. Jakovac testified that "two of [his] best mandolins were gone," but this case deals only with the custom-made mandolin.

4

for the mandolin.[4]   However, in focusing on the evidence and inferences that do not support his conviction, Defendant ignores the appropriate standard of review.   As previously stated, the credibility of witnesses and the weight to be given the evidence are for the trial court to determine, and this court defers to the trial judge's superior position from which to determine credibility.   State v. Isgriggs, 300 S.W.3d 553, 556 (Mo.App.S.D. 2009).

Defendant also contends that the State "should have had the mandolin appraised in order to sufficiently prove its fair market value."   In support of this proposition, Defendant cites State v. Foster, 762 S.W.2d 51 (Mo.App.E.D. 1998) and State v. Jones, 843 S.W.2d 407 (Mo.App.E.D. 1992).   Those cases are inapposite.   In Jones and Foster, the courts held that the State failed to prove the value of the stolen property because it presented evidence of the cost of replacement and did not present evidence of its value at the time and place of the crime.   Jones, 843 S.W.2d at 409; Foster, 762 S.W.2d at 55. Evidence of replacement cost may only be used to establish value when market value "cannot be satisfactorily ascertained."   Mo. Rev. Stat. § 570.020(1).   In Jones and Foster, the courts held that replacement costs did not establish the value of the stolen items because there was no evidence that their market value was not ascertainable.   Jones, 843 S.W.2d at 408; Foster, 762 S.W.2d at 54.   The instant case is distinguishable because the State presented evidence of the mandolin's market value.

---

[4] We note that, at the time of the sale, the pawnbroker believed the mandolin was a guitar. The pawnbroker testified that he paid Defendant thirty dollars for the instrument because "we don't have a lot of people who play guitars in that location, so we tend not to offer a lot on those kinds of items."   He stated that the amount of thirty dollars "would have just been a number that pretty much came off the top of [his] head," it "wouldn't be the actual value of the actual item," and it was "fair to say that [he] didn't know the value of that instrument."

5

Defendant also asserts that under State v. Wilkes, 891 S.W.2d 581 (Mo.App.E.D. 1995), evidence of the mandolin's "original purchase price and its supposed appreciation is prohibited. . . where the fair market value may be ascertained." Contrary to Defendant's reading of that case, the court in Wilkes held that evidence of an item's age and *replacement cost* are insufficient to establish value when market value is ascertainable. 891 S.W.2d at 582. Defendant also ignores or overlooks Mr. Jakovac's testimony that, at the time the mandolin was stolen from his home, its value "might have gone up to around 6,000 or so."

Considering all the evidence and inferences favorable to the verdict, we find the State presented sufficient evidence to establish the mandolin's value and the trial court did not err in overruling Defendant's motion for judgment of acquittal. See, e.g., Hall, 56 S.W.3d at 479. Point denied.

### *Conclusion*

The judgment of the trial court is affirmed.


_____
Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.