6 267
100 400
6 267
39a 407
6 267
46a 590

---

FUGATE & YOUNG Pl'tffs in error v. CARTER Def't in error.

1. After the parties had announced to the court that they were ready for trial, and the jury were being called into court, the plaintiffs presented their petition for a change of venue. Held, that the court properly refused, under such circumstances, to award a change of venue. There might be cases, in which the party might show good reasons for not applying sooner, and excuse himself for the delay; but, none such appeared in this case.

2. It is error in the court to give instructions to the jury, that refer to their determination questions of law.

Error to Lincoln county.

*Williams and Howell for Pl'ff in error.*

1st. That the court refused a change of venue.

2nd. That the court erred in over ruling the exceptions of the defendants to the answer of the plaintiff, to the defendants bill of discovery.

3rd. That the court permitted the plaintiff to read his answer to the defts. bill of discovery, after he had closed his case, and against the consent of the defendants. 1 Rand. 182 and 187.

4th. That the court misinstructed the jury.

5th. That the court refused to set aside the finding of the jury and grant a new trial. See Mo. Laws, page 614 and 15, title venue, sec. 2 and 3. 3 vol. Mo. Dec. 147, Jim vs. State. Wilson's adm'r of Owen vs. Woodruff, 5 vol. Mc. Dec. 40. 2nd Story's equity, 745. Fenton vs. Perkins, 3 vol. Mo. Dec. 23.

*Wright for Defendant in Error.*

1st. Exceptions to answer bad in point of form, as being too general, except the 4th exception, and all the exceptions in point of fact, are bad.

JUNE TERM
1840.

Fugate and
Young.
vs,
Carter.

2nd. If the answer was read, which is denied, by especial reference to that part of the record, which professes to give *all the evidence* which *was read* in the cause. R. Code 462 and 463, Fonblanque 705–706–710–711–719. Tuck. Com. p. 431, 432, R. C. 361.

*Opinion of the Court delivered by Napton Judge.*

Carter sued plaintiffs in error by petition in debt before the circuit court of Monroe county, on a note of five hundred dollars; the note was as follows: $500. One day after date, we promise to pay to Peter Carter, or order, the just and full sum of five hundred dollars with ten per cent interest from the 25th day of December last until paid. Paris Mo. 2nd March 1839. Reuben Fugate, Wm. Young.

To this defendant plead usury in the consideration; the plea averred that on the 4th December 1836, a corrupt agreement was made between plaintiff and Fugate, for a loan of five hundred dollars to said Fugate, until the 4th of June 1837, at an interest of twenty per cent per annum, and that two notes were executed by said Fugate, in pursuance thereof, for two hundred and fifty dollars each, bearing interest on their face, at the rate of ten per cent per annum and payable six months after date, with James Fugate and Wm. Armstrong as securities. Plea further avers, that when said notes became due, to wit, on the 4th day of June 1837, said Reuben Fugate took up said note, and in lieu thereof executed another note for five hundred dollars, with James Fugate and William Armstrong as securities, payable six months after date, to wit, on 4th December 1837, bearing ten per cent interest on its face, and that the same usurious agreement was continued in relation to this second note to pay an additional ten per cent interest. Plea further avers, that afterwards, on 4th December 1837, said defendant took up the last mentioned note, and executed a new note, pay-25th day of December 1838, bearing ten per cent interest on its face, with James Fugate and A. Snell as securities, and that the usurious agreement was continued in relation to the payment of the additional ten per cent interest. Defendants further aver that this last mentioned note, after it fell due, and on the 2nd day of March 1839, was again ta-

ken up by defendant and in lieu thereof, he executed a new promissory note for five hundred dollars, bearing ten per cent, from the 25th Dec. 1838 with William Young as secu- rity, which last mentioned note is the identical note sued on, and that the same agreement was corruptly made and continued ir force for the payment of ten per cent, over and above the ten per cent called for by said note. The plea avers generally, that all the notes were executed for the same con ideration and in prosecution of the same corrupt agreement; the plea further avers, that on the 25th December 1858, defendant fully paid all the usurious interest at the rate of 20 per cent per annum, to wit, the sum of $204,64, as interest and usury, from 4th Dec. 1836 to the 25th Dec. 1839. On this plea issue was taken, and the parties went to trial; verdict and judgment were for the plaintiff for the amount of his note, with interest as appeared on its face.— From the bill of exceptions, it appears, that on the trial, af- ter the parties had announced to the court that they were ready for trial and the jury were being called into court, the defendant presented his petition and motion for a change of venue. The petition made out a case of prejudice in the people of the county against defendant Fugate; the motion was over ruled by the court. It seems also, from the record that previous to the trial, and in vacation, defendants filed their bill for a discovery, setting forth the transaction near- ly similar to the facts averred in the plea, the bill was duly answered by plaintiff, but defendants excepted to the suffi- ciency of said answer. The answer denies the original loan of five hundred dollars, as charged in the bill, but admits the note for five hundred dollars. which was first given, was in lieu of a note of $250 formerly given by the Fugates, and another note made by James Fugate, which R. Fugate as- sumed. It admits usury in all or most of the transactions, and denies that there was usurious agreement in relation to this note sued on. The defendants exceptions to the suffi- ciency of this answer, were over ruled by the court. The defendants declined reading the plaintiffs answer, on the tri- al, but relied on other testimony: after this testimony was finished the plaintiff then read his own answer in evidence,

JUNE TERM
1840

Fugate and
Young
vs.
Carter.

before the jury; this was objected to by the plaintiff in error, and exceptions duly taken. The court, at the instance of plaintiff, instructed the jury as follows: The jury should find the issue on the plea of usury for the plaintiff, unless they believe from the evidence, that there is some contract, promise, or understanding between the plaintiff and the defendants, that more than 10 per cent interest should be paid for the use of the money mentioned in the said note sued on. 2. That it is incumbent on the defendants in this cause to prove every material averment in their plea of usury, before the jury can find the issue for them on that plea. 3. The jury ought to find the issue on the plea of usury, for the plaintiff, unless the defendant proves substantially the contract of usury set out in their plea; and that, although, they may believe from the evidence, that usury has been agreed for, between the parties, if the contracts were different from those set out in the defendants plea, they ought to find the issue on that plea for the plaintiff. 4. If the jury believe from the evidence that the consideration of the note sued on, is $250 loaned by the plaintiff to Reuben Fugate, on the 4th Dec. 1836, and $250 dollars borrowed by James Fugate, of the plaintiff, at the same time, and since then assumed by the said Reuben, they ought to find the issues on the said plea of usury for the plaintiff. 5. If the jury find from the evidence that the contract set out in the plea, is in any material part different from the contract proved in evidence, such variance is fatal to the plea, and the jury ought to find the issues for the plaintiff. 6. If the jury find from the evidence, that the original loaning $250 of the $500, was loaned to James Fugate and not to Reuben Fugate, that evidence does not support the plea, that the whole sum of $500 was loaned to Reuben Fugate. 7. Unless the defendants have established by evidence substantially the original contract, as set out in their plea, the jury ought to find the issue on the plea for the plaintiff, although they may believe from the evidence that more than lawful interest has been contracted for subsequent to that. These instructions were objected to and exceptions taken. after verdict defendants moved for a new trial, on the ground of mis-instructions and

because the verdict was against law evidence, which motion was over ruled.

The case is brought here by writ of error. The first point which presents itself on the record, is the refusal of the court to award a change of venue on the petition of Ruben Fugate. The statute authorises and requires this to be done, on a state of facts specified, when reasonable notice has been given to the opposite party. In this case the motion came too late; a party might create great vexation to his opponent, if, after the case was called and the sheriff was summoning the the jury, he could call for a change of venue. I suppose there might be cases, in which the party might show good reasons for not applying sooner and excuse himself for this duty, but no such reasons appear in this record. The defendants asked it as a matter of right, and the court properly refused to award a change of venue.

The 10th sec. of the fourth article of the act concerning practice at law, provides, that "either party to a suit in any court of record shall be entitled to a discovery from the other party, of all matters material to the issue in such court, in all cases when the same party would, by the rules of equity, be entitled to the same discovery in a court of equity, in aid of such suit." The 14th section declares, that "the answer of the party to the interrogations shall be evidence on the trial of the suit, in the same mammer and with the like effect, as an answer to a bill in equity for a discovery." To ascertain the circumstances which will entitle a party to a discovery, and the effect of the answer to such a bill, we must then resort to the usage of the chancery court. Where a party goes into equity for a discovery only, it is necessary he should aver that he has no witness by whom he could prove the facts sought to be discovered, and though it is not very well settled that the answer of the defenant to such a bill cannot be controverted, the inclination of the court, so far as I can learn, has been decidedly in favor of this principle. It rests on the ground, that when relief is sought in addition to discovery, and the only ground of relief is in the discovery sought, when the discovery fails, the ground of relief fails with it, and the party if he proves his

Fugate and Young vs. Carter.

After the parties had announced to the court that they were ready for trial, and jury were being called into court, the plaintiffs presented their petition for a change of venue. Held, that the court properly refused, under such circumstances, to award a change of venue. There might be cases, in which the parties might show good reasons for not applying sooner, and excuse himself for the delay; but none such appear in this case.

JUNE TERM
1840.

Fugate and
Young
vs.
Carter,

case aliunde, to use the language of the books, proves him-self out of court, 2, Tuckers com. 435 Fonblanque 706. Such would be the effect of the answer in the equity court. but it is clear, that it must be some what modified when ap-plied to a similar proceeding which is merely ancillaay to the proceeding at bar. In such case, I apprehend, the par-ty seeking a discovery in the equity court has it at his op-tion whither he will avail himself of the proceedings of that court in his trial at law or not, and if he celects to read the answer, and bring in this chancery record, he is then bound by the rule heretofore mentioned, and is not at liberty to con-tradict by other testimony, the answer of his opponent. The conscience of the other party has been appealed to, and up-on his answer the case must be tried; but he may still de-cline reading the bill and answer; he may have discovered witnesses by whom he can make out his case, and the other party has not been prejudiced by his appeal to his con-science, until he makes some use of the response to that ap-peal. If such be the case, when the bill for the discovery and answer have been obtained in another court, our statute declares that in the proceeding in the same court, the same rules must apply. The defendant Fugate declined reading the answer of Carter, which he had a right to do, and thought proper to rely on other testimony to make out his case. If he had read this answer, in my opinion, the case must have been tried on that alone; but I cannot believe that Carter had any right to read his own answer, which had not been made evidence by the defendant, and was cer-tainly no part of the record. There is an obvious analogy between this provision in relation to bills of discovery in the circuit court, and the provision in the act regulating pro-ceedings, before justices of the peace, by which either party can get the benefit of his adversaries oath: when this benefit is actually obtained, and the party has testified, no other evidence can be adduced; so, where the party canplaining in the circuit court, not only files his bill and compells the answer of defendant, *but avails himself of such answer, in the trial,* he cannot, and ought not to resort to other testi-mony to invalidate such answer; but until he does offer to

read the answer in evidence, it is as though it was a proceeding in another court, and cannot effect the right of either party. Upon general principles then, the party who has been appealed to, and answered, ought not to be allowed to avail himself of his own answer unless the other party first makes it testimony. The court erred in my opinion, in allowing the plaintiff to read his own answer to the jury, after defendant had declined making any use of it, and rested his case on other testimony. 3. The instructions which the court gave in this case are liable to objection. The first instruction is well enough, but all the others are calculated either to embarrass and confuse, or to mislead the jury. The jury are called upon to determine questions of law, and find out what averments are material and what may be un necessary. For the reasons above given, I am of the opinion the judgment should be reversed and the cause remanded                TOMPKINS *Judge*.

*JUNE TERM 1840.*

*Fugate and Young.*
*vs.*
*Carter.*

*It is error in the court to give instructions to the jury, that refer to their determination questions of law.*

I concur in the opinion that the judgment of the circuit court ought to be reversed, because the court gave erronious instructions to the jury.

M. McGIRK *Judge dissenting*.

*In the above case I do not concur.*