Edward V. GOVRO and June O. Govro,
Plaintiffs-Respondents,

v.

C. M. BEYER, Arthur C. Nettler and
Betty J. Nettler, Defendants,

C. M. Beyer, Defendant-Appellant.

No. 31380.

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1964.

Rehearing Denied Dec. 21, 1964.

Albert George Beyer, St. Louis, for appellant.

Walsh, Hamilton & Corcoran, St. Louis, for respondents.

WOLFE, Judge.

This is an action in which the plaintiffs seek to recover $300 paid to defendant C. M. Beyer, agent for defendants Arthur C. Nettler and Betty J. Nettler. The $300 was to be applied as earnest money on an

offer to purchase a house owned by defendants Nettler and his wife. The money was paid to C. M. Beyer at the time the plaintiffs made an offer to enter into a contract to purchase the Nettler house. Plaintiffs contend that the contract offered was not accepted, and that the sale was not consummated in accordance with the contract. The defendants counterclaimed for commission and expenses. The trial was to the court, which found for the plaintiffs on their cause of action, and found for the plaintiffs on defendants' counterclaim. The defendants prosecute this appeal.

The evidence disclosed that the Govros, plaintiffs, were the owners of their home No. 4 Ridge Road in House Springs, Missouri. The Nettlers, defendants, owned a house and five acres of ground on Acorn Drive. The Govros were interested in seeing the Nettler house, and for that purpose they called Mrs. C. M. Beyer, defendant, a real estate agent, with whom the Nettlers had listed their property on Acorn Drive for sale. The Govros were shown the property and they told the agent, Mrs. C. M. Beyer, that they would like to make an offer to purchase the property. Mrs. Beyer came to the Govro home the following day, and the Govros signed a contract to purchase the Nettler home for the sum of $12,500. The contract contained two contingencies. One was that it was to be accepted by the Nettlers within seven days, and the other was that the house that the Govros owned was to be sold within sixty days, and the contract provided that the sale should be closed not later than September 19. The date of the signing of the contract of purchase was on July 19. At this time the Govros gave Mrs. Beyer a check for $300 as earnest money in the event the contract was accepted by the Nettlers. At the time of signing this contract of purchase, the Govros listed their own house for sale with Mrs. C. M. Beyer on a three-months' listing contract. Up to this point there is no conflict between the evidence presented by the plaintiffs and the defendants.

Mrs. Govro testified that a week after the contract was signed by her and her husband, Mrs. Beyer called her by telephone and told her that the Nettlers had rejected the offer of $12,500, and that the check for $300 would be returned to Mrs. Govro. The following week Mrs. Beyer came to the Govro home with a contract signed by the Nettlers, as a counter-offer on their house, at a price of $13,500. Mrs. Govro declined to sign this contract, and later Mrs. Beyer sent them a copy of the original contract that had been signed by the Nettlers. The Govros decided that they would go ahead, despite the fact that the contract had not been accepted within the seven-day time limit, and that if their own house was sold within sixty days and finances could be arranged, they would buy the Nettler house.

There were some telephone calls between Mrs. Govro and Mrs. Beyer relating to financing the purchase of the Nettler house. Mrs. Beyer asked them to go to some loan company and sign some papers, but Mrs. Govro told her that they would not go or sign anything until their own house was sold. The Govros' house was never sold, and had not been sold at the time of trial in 1962; nor had any offer to purchase their house been made by anyone during the agency agreement with Mrs. Beyer.

Defendant Beyer, testifying on behalf of defendants, stated that after the plaintiffs signed the contract to buy the Nettler house for $12,500, she obtained the signatures of the Nettlers to the contract and returned it signed within seven days. She said that no counter-offer was ever made, and that she did not know whether the Govros got the "counter offer" signed by the Nettlers offering the house for $13,500. She testified that she arranged for a loan and advertised the Govro house for sale, and had taken some people out to see it.

She did not maintain that she had at any time obtained a buyer for the Govro house. She said that she was trying to make a loan on both houses so that a down payment of $5,000 on the Nettler house could be made by the Govros through a loan of that amount on their own home, which the Govros were going to rent to a prospective tenant. Such an arrangement was not in any way supported by any written contracts offered in evidence. There was evidence that phone calls had been made as late as September, 1960 in relation to a loan. The witness stated that on October 4, Mrs. Govro told her that the deal was off. She also testified that when she was told this by Mrs. Govro, her listing contract on the Govro house had fifteen more days to run.

The defendants contended that the sixty-day closing period in the contract had been waived, and they counterclaimed for the commission that would have been paid by the Nettlers had the sale of their house been made, as well as for some alleged expenses in connection with obtaining a loan commitment and for advertising. The only witnesses called were Mrs. Govro for the plaintiffs and Mrs. Beyer for the defendants. As stated, the court found for the plaintiffs on all issues. There was no finding of fact in the court below, nor was any requested.

■■■ Our review of cases tried to the court without the aid of a jury is governed by Supreme Court Rule 73.01(d), V.A.M.R. and Section 510.310, RSMo. 1959, V.A.M.S., which provide that we "shall review the case upon both the law and the evidence as in suits of an equitable nature." This means that we review the entire record upon both the law and the evidence and reach our own conclusions as to the facts, giving due deference to the finding of the trial chancellor. Franco v. J. D. Streett & Company, Mo.Sup., 360 S.W.2d 597. In cases such as this tried without a jury, where the trial court made no finding of fact and conclusions of law, all fact issues shall be deemed found in accordance with the results reached. Sando v. Phillips, Mo. Sup., 319 S.W.2d 648.

■■■ The first point raised charges the court below with error in admitting in evidence the counter-offer. In our review of cases tried by the court, we do not consider errors as such in the admission or exclusion of evidence, but we arrive at our conclusions by considering only the evidence which was properly admissible. Louis v. Andrea, Mo.Sup., 338 S.W.2d 96; Triplett v. Wyatt, Mo.App., 360 S.W. 2d 386.

■■■ Two other points are contained in the brief. The substance of both of these is that the judgment was against the weight of the credible evidence. From the plaintiffs' evidence it could reasonably be concluded that the only agreement which existed between the plaintiffs and the defendants was that the plaintiffs would buy the Nettler home if their own house was sold within sixty days. The trial court obviously believed the plaintiffs' testimony, and on the question of the credibility of witnesses, with certain exceptions not here present, we defer to the trial court. The plaintiffs' house was not sold, and they were unquestionably entitled to a judgment for the earnest money which they had paid to the defendants and which the defendants were wrongfully refusing to return.

The judgment is affirmed.

RUDDY, P. J., and ANDERSON, J., concur.