James R. STALLMAN, Jr., Respondent,

v.

John HILL, Appellant.

No. KCD 26580.

Missouri Court of Appeals, Kansas City District.

June 3, 1974.

Robert J. Graeff, Raytown, for appellant. °

Galen Knowlton, Michael J. Drape, Kansas City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Upon appeal by plaintiff (herein respondent) from an adverse judgment in Magistrate Court, trial de novo in Circuit Court resulted in a judgment of $542.69 for plaintiff. The cause of action was prosecuted for damages resulting from the loss of use of plaintiff's automobile during the period of repairs ·following a collision with defendant's automobile. The judgment represented the rental expenses incurred by plaintiff for a substitute automobile during the time that his was being repaired.

As an appeal from a court tried case, appellate review is de novo, upon

both the law and the evidence as in a suit of an equitable nature. Rule 73.01(d), V. A.M.R. Only evidence properly admissible is considered on appeal. Butcher v. McClintock, 373 S.W.2d 917 (Mo.1963); Govro v. Beyer, 385 S.W.2d 367 (Mo.App. 1964). If supportable on any theory, the judgment should be affirmed. Drydale v. Kiser, 413 S.W.2d 506 (Mo.1967).

During the trial, defense counsel conceded the issue of liability and acknowledged that the only issue between the parties was the amount of damages for loss of use which plaintiff was entitled to recover. Defendant has paid the costs of repairing plaintiff's auto.

■■ It is a fundamental principle that damages for the loss of use of personal property, during the time reasonably required for repairs, are recoverable. Orr v. Williams, 379 S.W.2d 181 (Mo.App.1964). A claimant is entitled to damages in a reasonable amount for the period reasonably required for repair. The burden of proof on the issue of reasonablemess is upon the claimant. McFall v. Wells, 27 S.W.2d 497 (Mo.App.1930).

■ The issue dispositive of this appeal is the sufficiency of the evidence on the reasonableness of time required for repair. The period required for repairs is reasonable if plaintiff exercised reasonable diligence in having the property repaired [McFall v. Wells, supra], or if the delay, if any, was occasioned by defendant. Jacobson v. Graham Ship-By-Truck Co., 61 S.W.2d 401 (Mo.App.1933).

On Tuesday, April 23, 1969, the parties were involved in a collision, resulting in damage to both cars. Plaintiff's auto was towed to a nearby Chevrolet dealership (McClure-Norrington) for repairs. The car remained at the dealership for approximately 6 weeks, from the date of the accident until sometime in June, 1969.

■ Plaintiff's announced theory at trial was that during the period of repairs, plaintiff's auto was under the "care, custody, and control" of the defendant's insurer (Allstate Insurance Co.). However, the principal evidence in support of that theory was offered in the form of plaintiff's answers to interrogatories propounded by defendant. The interrogatories and answers were introduced in evidence by plaintiff, over defendant's objection. Plaintiff's declaration in the interrogatories, that "the car was towed at Allstate's (defendant's insurer) request [and] Allstate authorized repairs on May 8, 1970"[1], is a self-serving extra-judicial statement, and as such was inadmissible. Thumm v. Lohr, 306 S.W.2d 604 (Mo.App.1957); Mitchell v. Robinson, 360 S.W.2d 673 (Mo.1962); [see generally Fugate v. Carter, 6 Mo. 267 (1840)]. This evidence cannot be considered on appeal. Govro v. Beyer, supra. The only other evidence tending to show that the insurance company assumed care, custody and control of the car was an answer by plaintiff to interrogation by the trial judge concerning whether " . . . when you took your car in, did you authorize them to begin repairs immediately?" Plaintiff responded, "I told them that I had contacted someone at Allstate, I talked to the claim department out there, I went out there, filled out some forms and so forth. They said that they would assume liability." This answer relates solely to what plaintiff told McClure-Norrington and does not purport to be a sworn statement in court of what the insurance company told plaintiff. Moreover, the date of the conversation with McClure-Norrington was April 24, 1969, prior in time to the date on which plaintiff stated in interrogatories that the insurance company authorized repair. Plaintiff made no effort to reconcile this discrepancy, not to explain what transpired between April 24 and May 8. Still further, even if the insurance company led plaintiff to understand on April 24 that it

---

1. This reference is obviously an erroneous oversight, since all events concerning the accident and repairs occurred in 1969.

would take responsibility, that would not permit plaintiff to stand idly by when it later became evident that the insurance company was not in fact assuming the responsibility. Valencia v. Shell Oil Co., 23 Cal.2d 840, 147 P.2d 558, 1. c. 561 (1944). Therefore, there is no evidence to support the judgment on the theory that plaintiff's automobile was under defendant's control and its sole responsibility during the whole long period plaintiff claims was necessary for repairs.

■ Nor is there sufficient evidence to support the judgment on the theory that plaintiff exercised reasonable diligence to secure repair of his property. Reasonable diligence imposes a duty upon the property owner to make repairs in order to reduce his damage as much as possible and then seek reimbursement from the wrongdoer. Valencia v. Shell Oil Co., supra; Rosenstein v. Bernhard & Turner Automobile Co., 192 Iowa 405, 180 N.W. 282 (1920). Plaintiff's testimony on the diligence of his efforts to procure repairs is equivocal, at best. During cross-examination, plaintiff stated that he had authorized repairs to begin on April 24, 1969, the day following the accident. He nevertheless admitted that despite his authorization, repairs were not started immediately: "I don't know the exact date that they started repairs, but I know it was not immediately, that's for certain." The reason for this delay is explainable on the basis that plaintiff's alleged authorization to McClure-Norrington, described by plaintiff in his answer above quoted to interrogation from the bench, really did not attain that dignity. His statement that Allstate "would assume liability" would not be understood by McClure-Norrington as a direct authorization by plaintiff for repair at his own expense, and there is no competent evidence to show when and who finally did give a responsible authorization.

Also to be considered as part of this whole situation is the fact that during cross-examination of plaintiff, defendant introduced the repair bill for the damages. The bill was dated 4–24, and shows a time promised of "5 o'clock Friday". The reasonable inference to be drawn from the designation of time promised is that the work was to be completed on the next succeeding Friday following the date on the document. April 24, 1969, was a Thursday, so that the day promised for completion would be April 25, 1969. Thus, the repair bill indicated an anticipated repair time of only one or two days. This must be contrasted to the six week period for which plaintiff now seeks rental reimbursement.

■ The question for an appellate court reviewing a court-tried case is not merely to determine whether the judgment is supported by substantial evidence, but to make independent findings of fact and conclusions on the weight of the competent evidence [Browder v. Milla, 296 S.W.2d 502 (Mo.App.1956); Schmitt v. Pierce, 344 S.W.2d 120 (Mo. banc 1961)], and to direct entry of such judgment as justice requires. Schott v. Bruce, 407 S.W.2d 61 (Mo.App.1966).

Upon the admitted facts, plaintiff was deprived of the use of his property, for which deprivation defendant is liable. However, because of the incompleteness of the evidence produced at the trial, and the resulting meager record presented on appeal, this court is unable either to determine the time reasonably required for repairs, or to assess reasonable damages for the period.

The judgment is therefore reversed and remanded for retrial on the issue of reasonableness of the time required for repair, and reasonable amount of expense to be reimbursed. Minor v. Lillard, 289 S.W.2d 1 (Mo.1956); Steva v. Steva, 332 S.W.2d 924 (Mo.1960).

All concur.