Timothy SCHREIBER, Plaintiff–Respondent,

v.

James E. BRADFORD, Defendant–Appellant.

No. 53601.

Missouri Court of Appeals, Eastern District, Division Three.

July 26, 1988.

Gary J. Krautmann, St. Ann, for defendant-appellant.

Val Terschluse, Clayton, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from a judgment against him in a property damage suit tried to the court arising from an automobile accident. Defendant was found to have been 50% at fault and judgment for $600 property damage and $150 damage for loss of use was entered against him. We affirm.

■ Defendant raises three issues on appeal, none dealing with the finding of defendant's negligence. First he complains that the trial court improperly allowed plaintiff to testify to his ownership of the damaged vehicle on the basis that the certificate of title was the best evidence. He relied upon *Schwarz v. Gage*, 417 S.W.2d 33 (Mo.App.1967) [8, 9]. Plaintiff was asked if he owned an automobile on July 26, 1985, and if that vehicle was involved in a collision on that date and the time of that accident. No objection was made to any of those questions. Plaintiff answered affirmatively to the first two and gave the time in response to the third. He was then asked for the make and model of the vehicle to which defendant objected "I'm objecting on the best evidence." That objection was overruled. On appeal defendant now asserts that he objected to plaintiff's testimony of his ownership of the vehicle. That was not what was objected to at trial. Plaintiff's testimony of his ownership of the vehicle involved in the collision came into evidence without objection. The point of error now asserted has not been preserved for review.

■ The same is true of defendant's second point—that the plaintiff's evidence of diminution of value as a result of the accident was equivocal and unreliable. No objection to this testimony was raised at trial. As the owner of the vehicle, plaintiff was entitled to testify to the value before and after the accident. *State ex rel. Spears v. McCullen*, 357 Mo. 686, 210 S.W. 2d 68 (banc 1948) [10–12]. Merely showing that the valuation was only the owner's opinion is not enough to destroy the presumption that the owner is familiar with the characteristics, uses and value of his property. *Casada v. Hamby Excavating Co.*, 575 S.W.2d 851 (Mo.App.1978) [5]. The alleged equivocation here did not destroy plaintiff's testimony of value and went only to its weight not its admissibility. That the loss in value exceeded by $400 the cost of repairs is not important. The former, not the latter, is the proper test of damages. *Id.* [9–11]. Plaintiff testified that after the repairs the automobile was not in the same condition as before the accident; it was in worse condition. We

find no error, much less plain error, in the evidence on diminution in value.

 Finally, defendant challenges the sufficiency of the evidence to establish the loss of use damages awarded. Those damages were based on ten days when the vehicle was in the repair shop. Defendant contends no showing was made that that time was reasonable. *See Stallman v. Hill,* 510 S.W.2d 796 (Mo.App.1974) [4, 5]; *McFall v. Wells,* 27 S.W.2d 497 (Mo.App. 1930) [2]. The evidence was that plaintiff was originally advised the work would take probably a couple of days unless something unexpected happened. After the damaged area had been disassembled, and the vehicle was no longer operable, additional damage was discovered requiring the ordering of new parts. In a ten-day period at least two days occur on a weekend. Eight days for repairs as extensive as those involved here where parts must be ordered and repainting is required cannot be considered unreasonable. We find no error in the damages awarded for loss of use.

Judgment affirmed.

KAROHL, P.J., and KELLY, J., concur.