STATE of Missouri, Respondent,

v.

Sterling WATKINS, Appellant.

Sterling WATKINS, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 56436, 58025.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 12, 1991.

Henry B. Robertson, Melinda K. Pender-graph, Earlyne M. Thomas, St. Louis, for appellant.

William L. Webster, Atty. Gen., David J. Hansen, Asst. Atty. Gen., Jefferson City, for respondent.

SMITH, Presiding Judge.

Defendant appeals from his convictions for first degree tampering (Sec. 569.080.-1(2) R.S.Mo.1986) and leaving the scene of a motor vehicle accident (Sec. 577.060 R.S. Mo.1986) and the resultant eight year concurrent sentences imposed upon him as a prior offender. He also appeals from the denial of his post-conviction Rule 29.15 motion following evidentiary hearing.

■ Defendant's only challenge to the ruling on his 29.15 motion goes to his dissatisfaction with the attorney who represented him on that motion. A challenge to the effectiveness of counsel in a post-conviction proceeding is not cognizable in a post-conviction proceeding. *Sloan v. State*, 779 S.W.2d 580 (Mo. banc 1989) [6]. The appeal from the order in the 29.15 proceeding is without merit and that judgment is affirmed.

■ Defendant also complains of the failure of the trial court to give a circumstantial evidence instruction in the criminal trial. Such an instruction is required only if all the evidence against defendant is circumstantial. *State v. Southern*, 724 S.W.2d 605 (Mo.App.1986) [2]. There was eyewitness testimony that defendant was seen leaving the driver's side of the car immediately after the accident. That is direct evidence of defendant's participation in both crimes. We find no error.

Defendant challenges his conviction for leaving the scene of an accident on the basis the evidence was insufficient to support the verdict. Sec. 577.060 provides the elements of the crime. It makes leaving the scene a Class A misdemeanor unless there is physical injury to another party, property damage in excess of one thousand dollars or a previous violation of the section in which case the offense becomes a Class D felony. Defendant was convicted of a Class D felony. An element of the offense in this case, as a felony, is property damage in excess of $1,000. The state bears the burden of establishing that element. Defendant's challenge to the sufficiency is the absence of any evidence of the

monetary amount of the property damage sustained in the accident.

■ Defendant has raised this issue only in the context of evidence adduced at trial. We will address the issue in that context. It must be noted, however, that the amended information upon which the case was tried does not allege any monetary amount of property damage or any other fact which would raise the allegations of the information to the status of a felony. While the information states that defendant committed the "class D felony of leaving the scene of a motor vehicle accident" none of the factual averments of the information support that categorization of the offense. It appears, therefore, that defendant was convicted of a crime with which he was not charged.

■ There was substantial evidence that the accident resulted in substantial damage to five cars including the stolen one defendant was driving. The jury viewed the photographs of the cars involved as they appeared after the accident. The stolen three year old Camaro was described by its owner before the accident as "a honey, it was a cream puff. It was without flaw, the best automobile I've owned." After the accident the owner described the vehicle as "totally demolished" and "wrecked beyond recognition." At no time, however, was any question asked or evidence adduced as to the monetary damage sustained by the stolen vehicle or any of the other vehicles involved.

We confronted a similar situation in *State v. Foster*, 762 S.W.2d 51 (Mo.App. 1988). It was there held that where the value of the property stolen is an element of the offense for which defendant is convicted there must be evidence of the value of that property to support the conviction. *State v. Gibson*, 409 S.W.2d 243 (Mo.App. 1966) is one of a line of cases which allow a jury from examination of the property alone to determine that the property has *some* value sufficient to support a conviction for petit larceny. But that case carefully differentiates between allowing a finding of *some* value and allowing a find-

ing of a value in excess of the amount necessary to raise the grade of the crime.

In *United States v. Wilson*, 284 F.2d 407 (4th Cir.1960) the court reversed a conviction for stealing government property of a value of more than $100 because of the absence of evidence of value of the property stolen. There the property stolen was 72 rifles and the property was examined by the jury. The court held it could not on the basis of anything in the testimony form a judgment as to value for the purpose of supporting the greater penalty. It then stated: "Nor, in the absence of any proof of value, could the jury be permitted to speculate on this point merely from the appearance of the articles."

The state has cited us to no cases where a jury has been allowed to speculate that stolen or damaged property had a value in excess of that required to raise the grade of the crime where no monetary value was in evidence. It is quite possible, even probable, that the damage to the vehicles involved substantially exceeded $1,000. One additional question to the owner of the car would in all probability have established the monetary damage. But the question was never asked and the jury was without evidence to support a finding of monetary damage. Defendant was entitled to a directed verdict on the felony charge. The state made no request for submission of the lesser misdemeanor offense. There is no basis for ordering a retrial of that offense. *State v. Foster, supra*, [3].

Conviction of leaving the scene of an accident is reversed. Conviction for first degree tampering is affirmed. Order denying motion pursuant of Rule 29.15 is affirmed.

SATZ and CARL R. GAERTNER, JJ., concur.