**Robert O. SMITH, Respondent,**

v.

**Gary RUCKER, Appellant.**

**No. WD 44048.**

Missouri Court of Appeals,
Western District.

Jan. 14, 1992.

David H. Cook, Independence, for appellant.

Jerome F. Waterman, Kansas City, for respondent.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

BERREY, Judge.

This is an appeal by defendant-appellant Gary Rucker from a judgment which awarded damages to plaintiff-respondent Robert Smith for breach of contract. The contract involved the sale of a drugstore owned by Robert Smith. Rucker denies a contract ever existed claiming the document relied on by Smith was only a preliminary agreement and was not the formal contract. The case was tried before a jury and the jury determined a contract did exist and awarded Smith $93,000 in damages based upon the breach of contract and the amount of Smith's remaining inventory.

Rucker raises two issues on appeal. He first contends the trial court erred in submitting a verdict directing instruction which did not necessitate a finding by the jury as to whether a contract existed. He secondly argues the trial court erred in overruling the appellant's motion for directed verdict and the motion notwithstanding the verdict. He contends the motion notwithstanding the verdict should have been granted because the verdict reached by the jury was against the weight of the evidence.

Robert Smith was the principal and only owner of a corporation which owned a business referred to as the The Drug Store, Inc. (hereinafter Drug Store). The corporation was forfeited in 1983, however, Smith was not aware of this until 1986. He continued to operate the retail drug store until 1986 under the corporate status.

In early 1986 Smith decided he wanted to sell the Drug Store and get out of the business. He testified he had earlier tried to sell the Drug Store as well as another one of his stores by listing them with a broker. He was unsuccessful and subsequently closed down the other store and operated the Drug Store as his only pharmacy. Since he had not been successful in his attempt to sell the store, he determined liquidation would be the best route and contacted a professional liquidating company. Smith entered into a contract with the company and was informed the entire liquidation process would take approximately three weeks. At that time Smith was on a month to month lease with Block and Company, the managing agents for the shopping center.

In approximately May of 1986, during the liquidation, the appellant Rucker, came to the Drug Store to purchase some fixtures from Smith. Rucker owned six drug stores in and around the Kansas City area. Rucker returned on May 31, 1986, and informed Smith he was interested in purchasing the Drug Store on an asset sale. Following negotiations, Rucker hand-drafted an agreement which he and Smith both signed. Rucker then issued Smith a check payable to "Drug Store" in the amount of $10,000 writing on the legend "deposit on Drug Store". The agreement provided for a $20,000 purchase price with a down payment of $10,000. The contract recited the payment was for the drug store at 11118 Blue Ridge, for all furniture, fixtures, equipment, files, and supplies, plus inventory. The contract provided for two contingencies, one that Rucker obtain a lease from Block and Company for the space and secondly, that each party operate in good faith. Smith testified the parties agreed upon June 15, 1986, as a closing date, however, Rucker contended a date had not been determined.

Following this agreement, Smith notified the liquidation company that their services would no longer be necessary since he had sold the store. Rucker subsequently visited the store on two or three different occasions. He conversed with Smith, making suggestions and asking to look at his customer list and additionally talked with Smith's employees to discern whether they would be interested in continued employment after the sale was final.

Approximately five days after the contract had been signed, Smith was notified by his bank that a stop order had been issued for the $10,000 check Rucker had tendered to Smith. Smith contacted Rucker and Rucker told him he did not intend to comply with the agreement. Rucker stated that his wife was upset and would leave him if he purchased the drug store. Rucker attempted to find another buyer for the store, but, the attempt was unsuccessful.

Smith sued for breach of contract claiming damages of $119,526. In his answer, Rucker admitted the existence of the contract. However, Rucker now contends the "contract" was only a preliminary agreement and a formal contract was never made.

In support of his contention that the trial court erred in submitting the verdict directing instruction, Rucker first argues the contract was only a memorandum and not a final agreement.

■ Appellant asserts Missouri law is well established that a contract will not come into existence if the essential terms thereof are preserved for future determination of both parties or where the agreement is indefinite as to its terms or incomplete. *Brown v. Childers*, 254 S.W.2d 275 (Mo.App.1953). This court is in agreement with that position. However, the question before the circuit court was whether the hand written agreement drafted by Rucker was a fully enforceable contract. The trial court found the document did contain all the essential elements of a contract and submitted an instruction which supported that position. This court does not find any abuse of discretion by the trial court and therefore affirms this issue on appeal.

The contract provided for the amount of deposit, the amount of the sale, what inventory would be included, and various contingencies. Rucker claimed the contract was lacking because it did not provide for a closing date. However, Smith testified the parties had orally agreed upon a closing date of June 15, 1986. Rucker denied he agreed to this date, but he did testify this date would have been a reasonable date to close on a contract which was signed on May 31, 1986. We find there was sufficient evidence to suggest a closing date had been provided for.

Rucker points to additional material terms he felt were lacking. He contends an indemnity protection agreement was necessary as well as a provision for the "bulk sale." The evidence is clear that the parties never intended that the question of seller's creditors's pre-closing status would have any impact on the agreement. At trial, Rucker stated he was not concerned with Smith's creditors and what he owed because he was only interested in buying the assets of the drug store. Rucker testified he was not concerned with Smith's accounts payable because he was only buying his assets and assumed Smith would pay them. Clearly, the question of indemnification was moot in the mind of Rucker and could not have been an essential element to the contract. Rucker was unconcerned with Smith's relation to his vendors and creditors. He testified he intended to use his existing credit to replenish his inventory.

The official comment to the Uniform Commercial Code § 2–204, states that if the parties intend to enter into a binding agreement and an appropriate remedy may be fashioned, a contract for sale does not fail despite missing terms, if there is any reasonably certain basis for granting a remedy. *Computer Network v. Purcell Tire & Rubber Co.*, 747 S.W.2d 669 (Mo. App.1988).

Rucker objects specifically to instruction number six because the instruction presumes there was a contract between the two parties and does not leave that determination to the jury. However, when Rucker made his objection to the instruction at trial, his only comment was that he felt the instruction was confusing to the jury and attempted to outline the contract. Rucker never made the objection that the judge went too far in determining a contract existed. It is not until he submitted his appellate brief that he states the judge erred in making that determination.

It is also important to note that in both his answer and his amended answer, Rucker admitted that he entered into a contract with Robert Smith on or about May 31, 1986. Rucker contends that at trial he introduced sufficient evidence to disprove the existence of the contract. We disagree. After a thorough review of the evidence we find Rucker submitted a substantial amount of evidence justifying a breach, but not evidence which would support the finding that a contract did not ever exist.

Rucker also contends Smith did not comply with the requirement that the parties

act in good faith. Rucker submitted all of his allegations of lack of good faith by Smith to the jury. The jury considered and rejected them. We find no reason to disturb this finding on appeal.

The appellant next contends the trial court erred in failing to grant the motion for judgement notwithstanding the verdict, or in the alternative a new trial because there was inadequate and insufficient evidence to support the jury verdict with regard to damages.

■ A jury verdict will be sustained unless there is no substantial evidence to support it, it was against the weight of the evidence, or it erroneously declares or applies the law. *DeWitt v. American Family Mut. Ins. Co.*, 667 S.W.2d 700, 710 (Mo. App.1984). In this case, Smith submitted sufficient evidence to support the damages amount reached by the jury. While Rucker also submitted evidence to impeach the evidence presented by Smith, the jury did not believe this evidence.

■ Smith relied on an inventory taken by the Washington Inventory Service in determining his own damages. However, Rucker complains because no evidence regarding the inventory was ever presented, rather, Smith himself testified to the amount of damages. Missouri law provides that an owner can testify, without further qualification, to the reasonable value of an item of personalty. *Freeman v. Lawson*, 797 S.W.2d 882 (Mo.App.1990). Merely showing that the valuation was only the owner's opinion is not enough to destroy the presumption that the owner is familiar with the characteristics, uses, and values of his property. *Schreiber v. Bradford*, 754 S.W.2d 41, 42 (Mo.App.1988). In addition, appellant failed to object to Smith testifying with regard to the damage incurred due to the breach of contract. Appellant's second point on appeal is denied. The judgment is affirmed.

All concur.