STATE of Missouri, Respondent,

v.

Dennis CARSON, Appellant.

Dennis CARSON, Appellant,

v.

STATE of Missouri, Respondent.

Nos. WD 49128, WD 50176.

Missouri Court of Appeals, Western District.

Filed: May 30, 1995.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., P.J., and BRECKENRIDGE and HANNA, JJ.

FENNER, Chief Judge.

A jury convicted appellant, Dennis Carson, of leaving the scene of an accident, driving while revoked, and driving while intoxicated. He appeals the denial of his motions for judgment of acquittal at the close of the State's case and at the close of all the evidence, and the court's sentencing him on his conviction for leaving the scene of an accident. He also appeals his sentence for driving while revoked, and the denial of his Rule 29.15 motion for post-conviction relief.

On April 23, 1993, appellant smashed his truck into the side of a 1969 Toyota Land Cruiser. The Land Cruiser belonged to Terry and Brad Dale, and it was parked on the street in front of their house when appellant hit it. There was damage to the front, back, and side of the Land Cruiser, as the collision left the Land Cruiser wrapped around a pole. Appellant drove away after hitting the Land Cruiser, but then came back and parked under a light on the street. Terry Dale heard the collision and called the police. She and her daughter were on the front porch waiting for the police to arrive when appellant returned. Dale's daughter wrote down the truck's license plate number. Dale was able to see that the truck was blue, the front of the truck was smashed, there was steam coming out of the truck, and that the driver of the truck was a man and the passenger was a woman. The appellant drove away a second time.

The police later found the truck, parked in the middle of another street, with appellant and the passenger still in it. The engine of the truck was warm, and the truck was damaged. The police found paint on the truck

that matched the color of the Land Cruiser, and also found paint on the Land Cruiser that matched the color of the truck.

Appellant did not have a driver's license, as his license was revoked. The police officer smelled alcohol on his breath, and appellant admitted that he had consumed a couple of beers. There were several beer cans in the car, appellant's speech was slow and slurred, his eyes were bloodshot, he swayed and stumbled as he walked, and he had to hang on to the truck in order to stand. The officers believed appellant was intoxicated, but appellant refused to take both a field sobriety test and a breathalyzer test. The officers arrested the appellant, and appellant was charged as a prior offender and a prior intoxication-related offender with leaving the scene of a motor vehicle accident, driving while revoked, and driving while intoxicated. At trial, the jury convicted appellant of all three offenses.

In his first point, appellant argues that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's case and at the close of all the evidence, and in sentencing appellant on his conviction for leaving the scene of an accident. Appellant argues that the State failed to produce sufficient evidence to prove that the accident resulted in property damage in excess of $1,000, which is the element necessary to change the crime of leaving the scene of an accident from a class A misdemeanor to a class D felony under section 577.060.3, RSMo 1994.

■ In determining whether there is evidence sufficient to support a finding of guilty, this court accepts as true all evidence favorable to the verdict, including all favorable inferences to be drawn from the evidence, and disregards all contrary evidence and inferences. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc), *cert. denied*, —— U.S. ——, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). We will neither weigh the evidence nor judge the reliability or credibility of witnesses. *State v. Villa–Perez*, 835 S.W.2d 897, 900 (Mo. banc 1992); *State v. Marlow*, 888 S.W.2d 417, 421 (Mo.App.1994). Our review is limited to a determination of whether there is sufficient evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Marlow*, 888 S.W.2d at 421.

Appellant contends that Terry Dale's testimony as to the value of her Land Cruiser both before and after appellant hit it was insufficient to establish that the damage was more than $1,000. However, the case appellant cites in support of this contention, *State v. Watkins*, 804 S.W.2d 859 (Mo.App.1991), is distinguishable from the present case. In *Watkins*, the owner of the damaged property testified at trial only that his car was a "honey" and a "cream puff," and that the car was "totally demolished" and "wrecked beyond recognition." *Id.* at 861. There was no evidence presented as to the monetary damage to the vehicle.

■ By contrast, in this case Terry Dale testified at trial that the value of the Land Cruiser before the accident was $1,500, and that the damage to the vehicle was more than what the vehicle was worth. As an owner of the Land Cruiser, Terry Dale's opinion of the value of her property before and after the collision is sufficient to take the issue that the vehicle was damaged in excess of $1,000 to the jury. *State v. Harris*, 873 S.W.2d 887, 890 (Mo.App.1994). See also *Schreiber v. Bradford*, 754 S.W.2d 41, 42 (Mo.App.1988). Further, the court in *Watkins* even suggested that "[o]ne additional question to the *owner* of the car would in all probability have established the monetary damage." *Watkins*, 804 S.W.2d at 861 (emphasis added). Appellant's first point is without merit.

Appellant's second point is that the court plainly erred in sentencing appellant as a prior offender on his conviction for driving while revoked. Appellant argues that while the count of leaving the scene of an accident contained the prior offender allegations and the count of driving while intoxicated contained the prior intoxication-related offender allegation, the count of driving while revoked in the amended information did not contain any prior offender allegations. Therefore, he contends, the trial court erred in sentencing him as a prior offender on that count.

■ Appellant, recognizing that this point has not been preserved for appellate review, requests plain error review pursuant to Rule 30.20. Under the plain error rule, we will set aside the trial court's ruling only when it affects the rights of the accused to the extent that manifest injustice or miscarriage of justice will result if left uncorrected. *State v. Swigert*, 852 S.W.2d 158, 160 (Mo.App.1993); *State v. Sandles*, 740 S.W.2d 169, 177 (Mo. banc 1987), *cert. denied*, 485 U.S. 993, 108 S.Ct. 1303, 99 L.Ed.2d 513 (1988).

■ Sections 557.036.2 and 558.021, RSMo 1994, provide that after a finding of guilt the court can sentence a person as a prior offender if the information pleads all essential facts warranting that the person is a prior offender as defined under section 558.016, RSMo 1994. The amended information charging appellant specifically lists appellant's past crimes which qualify the appellant as a prior offender. There is no express requirement that the prior offender allegations contained in an information with multiple counts be repeated in each count. *State v. Barnard*, 678 S.W.2d 448, 451 (Mo.App. 1984). As it is not required, we cannot say that the State's failure to include the prior offender allegations in Count II resulted in manifest injustice to the appellant. Appellant's second point is denied.

In his third point, appellant complains that the motion court erred in denying his motion for post-conviction relief after an evidentiary hearing. In his Rule 29.15 motion, appellant argued that his trial counsel was ineffective for failing to call a witness, J.A. Butler, to testify on appellant's behalf. At the evidentiary hearing, Butler testified that appellant arrived at Butler's house after the incident, and appellant's female passenger carried the keys to appellant's truck into Butler's house, while appellant remained in the truck. Butler also testified that the police came to his house to retrieve appellant's keys. Appellant contends that this would have shown that appellant was not driving the truck, and that it also would have impeached the testimony of one of the police officers, who testified that appellant gave the keys to the truck to the police. Appellant argues that Butler's testi-

mony would have had a reasonable probability of changing the outcome of the trial.

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. *State v. Nolan*, 872 S.W.2d 99, 104 (Mo. banc 1994). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression that the motion court erred. *Id.*

■ To prevail on a claim of ineffective assistance of counsel, movant must demonstrate that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and this failure prejudiced movant's defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc 1994). To demonstrate prejudice, movant must show that but for counsel's errors, the outcome of the proceeding would have been different. *Id.*

■ To establish that counsel was ineffective for failing to call a witness at trial, the movant must demonstrate that counsel's failure to call the witness was something other than trial strategy, that counsel could have located the witness through reasonable investigation, that the witness would have testified if called, and that the witness' testimony would have provided the movant with a viable defense. *State v. Williamson*, 877 S.W.2d 258, 262 (Mo.App.1994).

■ After reviewing the record, we cannot say that appellant's trial counsel was ineffective for failing to call Butler as a witness. There is no indication that Butler would have testified if called, nor any evidence that he could have been located through reasonable investigation. Appellant's trial counsel testified that she repeatedly asked appellant to bring Butler by her office, but appellant did not do so. She also went to Butler's house a couple of times, but no one was there. In addition, appellant's trial counsel testified that she believed Butler would be committing perjury had she

**559**

called him to testify that the officer came into his house to get the keys. We agree with the motion court that had she called Butler to testify, appellant's trial counsel would have violated Supreme Court Rule 4, *Rules of Professional Conduct* Rule 3.3(a)(4).

Further, while Butler's testimony may have served to impeach the police officer's testimony, appellant has failed to establish that Butler's testimony would have provided him with a viable defense that would have changed the outcome of the case. "Failure to call impeachment witnesses does not warrant post-conviction relief because the facts, even if true, do not establish a defense." *State v. Day,* 859 S.W.2d 194, 196 (Mo.App. 1993). Thus, the motion court's findings of fact and conclusions of law are not clearly erroneous, and appellant's third point is denied.

The judgments of the trial and motion courts are affirmed.

All concur.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Traci J. Sanders, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and LOWENSTEIN and HANNA, JJ.